# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| DANIEL CASTLEBERRY, | ) | |
|---|---|---|
| | ) | Case No. 1:18-CV-171 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| UNITED STATES GOVERNMENT, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. As the Court previously noted, based on a letter from the Sumter County Sheriff's Office addressed to Plaintiff, the Court granted Plaintiff leave to proceed *in forma pauperis* [Doc. 27 p. 1]. The Court also observed that Plaintiff's amended complaint [Doc. 20] included a page with a stamp for a "Daniel Eric Cobble" with GDC number 758572 and took judicial notice that the individual named Daniel Eric Cobble with that GDC number is a well-known frequent filer of lawsuits in Georgia and that his complaints are subject to the three-strikes rule set forth in 28 U.S.C. § 1915(g) [Doc. 27 p. 1]. The Court also took notice that, while the letter from the Sumter County Sheriff's Office addressed to Plaintiff upon which Court relied to grant Plaintiff leave to proceed *in forma pauperis* appeared to be addressed to a Daniel Castleberry, the copy scanned to the Court's docket sheet has clear lines around the two places in which the name "Daniel Castleberry" appears and that no such lines appear around any other words therein [*Id.* at 2].

Accordingly, on October 25, 2018, the Court ordered Plaintiff to file a document with the Court stating whether he is, or ever has been, known as Daniel Eric Cobble with GDC number

758572 within fifteen days of entry of the order under oath or under penalty of perjury in accordance with 28 U.S. C. § 1746 [*Id.*]. The Court also notified Plaintiff that if he failed to fully comply with this order, this action would be dismissed for failure to comply with Court orders [*Id.*].[1]

While Plaintiff partially complied with the Court's order by filing a statement denying that he is actually Daniel Eric Cobble, that filing [Doc. 28] is not signed under oath or under penalty of perjury in accordance with 28 U.S. C. § 1746 as the Court's previous order required. Further, the Court notes that other federal courts in Georgia have now identified Daniel Castleberry as an alias for Daniel Eric Cobble. *See*, *e.g.*, *Castleberry v. Salinas*, No. 1:18-CV-4125 (N.D. Ga, Oct. 3, 2018) (Doc. 4, report and recommendation noting that Daniel Castleberry is also known as Daniel Eric Cobble based on previous filings from Daniel Eric Cobble listing the same relatives that Daniel Castleberry listed in the complaint at issue and therefore dismissing complaint under § 1915 (g)). As such, the Court takes judicial notice that Plaintiff is actually Daniel Eric Cobble using the alias Daniel Castleberry.

Section 1915(g) of the Prison Litigation Reform Act of 1996 (PLRA) provides as follows:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

---

[1] Additionally, the Court ordered the Sheriff of Sumter County, Georgia, to file a document with the Court stating whether an individual named Daniel Castleberry is incarcerated in the Sumter County Jail and to set forth any information that may assist the Court in determining whether Plaintiff is, or ever has been, known as Daniel Eric Cobble with GDC number 758752, within fifteen days of entry of this order [Doc. 27 p. 2]. The Sheriff did not comply with this order. Accordingly, on December 13, 2018, the Court entered a show cause order regarding the Sheriff's failure to comply [Doc. 34]. The time for the Sheriff to comply with that order has not yet passed [*Id.*]. As the Court now takes judicial notice of the fact that Plaintiff is actually Daniel Eric Cobble using the alias Daniel Castleberry based on information whose accuracy cannot reasonably be questioned, however, this Court will dismiss this action pursuant to 28 U.S.C. § 1915(g) without the Sheriff filing this information with the Court.

facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). While incarcerated, Plaintiff has filed more than three prior civil rights actions that were dismissed for failure to state a claim. *See Cobble v. U.S. Government*, No. 1-18-CV-92 (M.D. Georgia May 31, 2018) (dismissing complaint under 28 U.S.C. 1915(g) and listing numerous cases Daniel Eric Cobble filed as a prisoner that were dismissed as frivolous or for failure to state a claim). Additionally, Plaintiff's complaint [Doc. 1] and amended complaint [Doc. 20][2] do not suggest that Plaintiff was in imminent danger at the time he filed this lawsuit. Accordingly:

(1) the Clerk will be **ORDERED** to update the Court's docket to reflect that Daniel Castleberry is an alias for Daniel Eric Cobble;

(2) Plaintiff must prepay the entire $400.00 filing fee to proceed in this action;

(3) The Court's previous order granting Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 18] will be **VACATED**;

(4) Plaintiff's motions to proceed in forma pauperis [Docs. 11, 15, and 16] will be **DENIED**;

(5) Plaintiff's complaint will be **DISMISSED without prejudice** to Plaintiff filing a fee-paid § 1983 complaint, pursuant to the three-strike rule of 28 U.S.C. § 1915(g); and

(6) The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

                                         **/s/ *Travis R. McDonough*** 
                                         **TRAVIS R. MCDONOUGH**

---

[2] Both of these filings are at least partially illegible. To the extent the Court can read Plaintiff's writing, however, the Court finds that Plaintiff has not alleged that he was in imminent danger at the time he filed his complaint.

**UNITED STATES DISTRICT JUDGE**